UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ARIEN L'ITALIEN,                )
                                )
        Petitioner,              )
                                )
    v.                          )    2:12-cr-00043-NT
                                )    2:16-cv-00291-NT
UNITED STATES OF AMERICA,       )
                                )
        Respondent              )

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Arien L'Italien moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 37.) In 2012, following a guilty plea, Petitioner was convicted of assault of a federal officer, possession of firearms as a felon, and use of a firearm in furtherance of a crime of violence; he was sentenced to a total prison term of 220 months. (Judgment, ECF No. 31 at 1-2.) Petitioner did not appeal from the conviction or the sentence.

Petitioner asserts a claim pursuant to *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). (Motion at 1.) Following a review of Petitioner's motion, the Government's request for dismissal, and the record, I recommend the Court grant the Government's request to dismiss Petitioner's section 2255 motion.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted of assault of a federal officer, 18 U.S.C. § 111(a), (b) (Count 1); possession of firearms as a felon, 18 U.S.C. § 922(g)(1) (Count 2); and use of a

firearm during the commission of a federal crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii) (Count 3).[1] (Judgment at 1.)

The Court found the sentencing guidelines calculation as follows: the base offense level was 20, pursuant to USSG § 2K2.1(a)(4)(A), based on a 2008 Maine conviction of assault of an officer, 17-A M.R.S. 752-A(1)(B); six levels were added, pursuant to USSG § 3A1.2(c)(1); and three levels were subtracted, pursuant to USSG 3E1.1. (Sentencing Tr., ECF No. 51 at 52.) The Court found a criminal history category of V, which, combined with the total offense level of 23, resulted in a guidelines range of 204-225 months. (*Id.* at 52-53.) The Court found no basis to justify a departure from the sentencing guidelines range. (*Id.* at 53-54.)

The Court considered the sentencing factors, pursuant to 18 U.S.C. § 3553; it noted Petitioner was "a very violent young man," based on his criminal history; and it focused particularly on the need to protect the public. (*Id.* at 55-60.) The Court sentenced Petitioner to prison terms of 100 months each on Counts 1 and 2, to run concurrently; and 120 months on Count 3, to run consecutively to Counts 1 and 2, for a total prison sentence of 220 months. (Judgment at 2.) The prison terms were to be followed by supervised release terms of three years on Counts 1 and 2, and five years on Count 3, with all supervised release terms to run concurrently. (Judgment at 3.)

Petitioner filed a *pro se* section 2255 motion on June 13, 2016, in which motion he included a *Johnson* claim and a request for counsel. (Pro Se Motion, ECF No. 35.) Counsel

---

[1] Title 18 U.S.C. § 924(c)(1)(A)(iii) provides a minimum 10-year prison term if the firearm was discharged.

2

was appointed to represent Petitioner with respect to the *Johnson* claim. (Order, ECF No. 36.) Petitioner, represented by counsel, filed a motion for relief under *Johnson*. (Motion, ECF No. 37.) Following the Court's order to show cause, Petitioner agreed the operative motion is the motion filed at ECF No. 37, and the Court terminated without prejudice the *pro se* motion as unnecessary. (Orders, ECF Nos. 40, 43.)

Petitioner argued in the section 2255 motion, which was filed before the Supreme Court decided *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017), that he was entitled to relief under *Johnson* from the USSG § 2K2.1 increase in the base offense level in the sentencing guidelines calculation. (Motion at 1.) Petitioner also argued, based on *Johnson*, that the section 924(c) conviction (Count 3) should be vacated. (*Id.*)

## II. DISCUSSION

In *Johnson*, the statute at issue was the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), which imposes a 15-year mandatory minimum prison term when a defendant is convicted of a violation of 18 U.S.C. § 922(g) and has three previous convictions, committed on separate occasions, "for a violent felony or a serious drug offense, or both." 135 S. Ct. at 2555-57. Section 924(e)(2)(B) defines the term "violent felony" and provides:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

3

Section 924(e)(2)(B)(i) is known as the "force" clause or the "elements" clause; the provision of section 924(e)(2)(B)(ii) that references burglary, arson, extortion, and the use of explosives is known as the "enumerated offenses" clause; the remainder of section 924(e)(2)(B)(ii), *i.e.*, the provision "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the "residual" clause. *United States v. Starks*, 861 F.3d 306, 314 (1st Cir. 2017); *United States v. Edwards*, 857 F.3d 420, 422-23 & n.2 (1st Cir. 2017).

In *Johnson*, the Court held the residual clause unconstitutionally vague. 135 S. Ct. at 2555-57. The Court left intact the force clause and the enumerated offenses clause of section 924(e)(2)(B): "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563.[2]

In *Beckles*, the Supreme Court held that *Johnson* does not apply to the "identically-worded" residual-clause portion of the definition of "crime of violence" in the advisory sentencing guidelines, *i.e.*, the guidelines as applied after *United States v. Booker*, 543 U.S. 220, 233 (2005) (concluding the guidelines must be considered advisory rather than mandatory).[3] *Beckles*, 137 S. Ct. at 890, 894-95. Petitioner's *Johnson* claim based on the sentencing guidelines calculation thus fails.

---

[2] In *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), "announced a substantive rule that has retroactive effect in cases on collateral review."

[3] In his reply, Petitioner acknowledged that following the Supreme Court's decision in *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017), the claim that Petitioner was entitled to relief under

4

The remaining issue is whether the offense of assault of a federal officer, pursuant to 18 U.S.C. § 111(a) and (b), qualifies as a "crime of violence" for purposes of 18 U.S.C. § 924(c).

Title 18 U.S.C. § 924(c) imposes mandatory minimum firearms-related sentence enhancements when a defendant's federal offense of conviction is a "crime of violence" or a "drug trafficking crime." Section 924(c)(3) defines "crime of violence" and provides:

> For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –
>
> **(A)**   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)**   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

For purposes of section 924(c), the "crime of violence" at issue was Petitioner's conviction of assault of a federal officer, 18 U.S.C. § 111(a) and (b). Section 111 provides:

> **(a)**   **In general.** —Whoever—
>
> **(1)**   forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
>
> **(2)**   forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the

---

*Johnson* from the Court's finding of a base offense level of 20, pursuant to USSG § 2K2.1(a)(4)(A), was no longer viable. (Reply, ECF No. 56 at 3; Sentencing Tr., ECF No. 51 at 52.)

5

intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

**(b) Enhanced penalty.**--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

In *United States v. Taylor*, 848 F.3d 476 (1st Cir. 2017), the First Circuit held that the "enhanced version" of the offense of assault of a federal officer that occurs when the offense is committed with a deadly or dangerous weapon, pursuant to section 111(b), constitutes a violent felony under the force clause of section 924(c):

> As we recently observed in assessing Massachusetts' Assault with a Dangerous Weapon statute: "the harm threatened by an assault is far more violent than offensive touching when committed with a weapon that is designed to produce or used in a way that is capable of producing serious bodily harm or death. As a result, the element of a dangerous weapon imports the 'violent force' required by *Johnson* into the otherwise overbroad simple assault statute." *United States v. Whindleton*, 797 F.3d 105, 114 (1st Cir. 2015), *cert. dismissed*, --- U.S. ---, 137 S.Ct. 23, 195 L.Ed.2d 896 (2016), and *cert. denied*, --- U.S. ---, 137 S.Ct. 179, 196 L.Ed.2d 147 (2016); *accord United States v. Hudson*, 823 F.3d 11, 18 (1st Cir. 2016). The same logic applies here. It is possible to commit simple assault under § 111(a) without using violent force. But, this enhancement necessarily requires the use or threat of force "capable of causing physical pain or injury to another." [*Johnson v. United States*, 559 U.S. 133, 140 (2010)]. Even if simple assault under § 111(a) does not require violent force, this enhanced version does.

*Taylor*, 848 F.3d at 494.[4]

Similarly, here, based on *Taylor*, Petitioner's conviction, under sections 111(a), (b), of assault of a federal officer is considered a crime of violence under the force clause of

---
[4] The Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133, 140 (2010) (sometimes referred to as "*Johnson I*"), concerned a different certiorari petitioner than the Court's decision in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (sometimes referred to as *Johnson II*).

6

section 924(c). *See id.* at 491, 494. Petitioner's contention that assault of a federal officer does not qualify as a crime of violence, therefore, fails.[5]

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. I recommend the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of October, 2018.

---

[5] Because Petitioner's claim fails on the merits, there is no need to address the Government's procedural arguments.